**STATE of Missouri, ex rel., Sylvia MILLER, Relator-Appellant,**

v.

**Edgar H. CRIST, Individually and as Commissioner of Finance for the State of Missouri, Respondent.**

No. KCD30111.

Missouri Court of Appeals, Western District.

April 2, 1979.

Richard B. Teitelman, Karen Tokarz, St. Louis, for relator-appellant.

Irven L. Friedhoff, Steven M. Geary, Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

**PER CURIAM:**

This is an appeal from a circuit court denial of a peremptory writ of mandamus directing the Commissioner of Finance to disclose to relator certain reports filed in his office by small loan companies.

We believe the trial court was correct in denying the writ, and the judgment is affirmed.

The reports being sought were "annual reports" filed by small loan companies and annual audit reports of such companies prepared by certified public accountants. The reports are required to be filed by §§ 367.150, 367.205, and 367.210 RSMo. The Commissioner is prohibited by §§ 361.-070 and 361.080(2) from disclosing the contents of such reports "unless required by law so to do in the discharge of the duties of his said office" or as a witness in court.[1]

Relator's claim to the right to inspect and copy these documents is based upon §§ 109.-180, 610.015, and 610.025, RSMo. These statutes make such records as these open to public inspection, "except as otherwise provided by law." They were enacted *after* the Commissioner's confidentiality statute, and it is relator's argument that they repeal or modify it so as to make the documents accessible to her.

We do not think the legislature intended that effect, however, and it is the legislative intent which we must try to ascertain in the interpretation of statutes.

The disclosure statutes, although enacted later, are *general* in their application.[2] They apply to all government records, with certain exceptions. Sections 361.070 and 361.080, on the other hand, deal with a specific and narrow category of records, i. e., those relating to the affairs of certain financial institutions, including small loan companies. The sections contain their own exceptions, themselves quite specific, lifting the curtain of confidentiality when required by law "in the discharge of the duties of (the Commissioner's) office," and in court proceedings.

If the later enacted disclosure statutes were intended to repeal by implication these long-standing mandates to secrecy, the intent to do so must plainly appear as, for example, from a total repugnancy between the statutes. *Kansas City Terminal Railway Co. v. Industrial Com'n,* 396 S.W.2d 678, 683 (Mo.1965). We think any such intent is plainly absent. The disclosure statutes by their terms recognize that some records may be closed by law to public scrutiny. A statute dealing with a subject generally will rarely have the effect of repealing by implication, either wholly or partially, an earlier statute which deals with a narrower subject in a particular way. 73 Am.Jur.2d *Statutes,* Sec. 417; *Ross v. Conco Quarry, Inc.,* 543 S.W.2d 568, 578 (Mo.App. 1976).

Sections 361.070 and 361.080, we hold, were untouched by §§ 109.180 and 610.015. The statutes are entirely harmonious.

The trial court's judgment is affirmed.

---

1. Relator intended to use the reports to prepare testimony before legislative committees in connection with proposed legislation allowing increased small loan rates.

2. The secrecy provisions of §§ 361.070 and 361.080, insofar as pertinent here, have been in effect without change since 1907. Section 109.180 was enacted in 1961. Sections 610.015 and 610.025, part of the act someone dubbed the "Sunshine Law," were enacted in 1973.