Dear Commissioner Bradford:
This is in response to your request for an opinion asking the following questions:
 a. Section 36.030 RSMo as revised by CCS for HB 673, effective September 28, 1979 contains an enumeration of offices and positions not subject to the State Personnel Law and which may be filled without
regard to its provisions. Does this enumeration of `exempt' positions replace or supersede the exceptions from coverage of the provisions of Chapter 36 RSMo specified for the Department of Social Services in Section 13.1 of the Omnibus Reorganization Act of 1974?
 b. If the provisions of Section 36.030.1 as revised by CCS for HB 673 in 1979 do not
replace or supersede the exceptions from coverage of the provisions of Chapter 36 RSMo contained in Section 13.1 of the Omnibus Reorganization Act of 1974, must all employees of the Department of Social Services be covered by the merit system unless specifically excepted by Section 13.1? (Underscoring in original)
Your office has succinctly stated the facts which appear as follows:
 a. Section 13.1 of the Omnibus State Reorganization Act of 1974 created the Department of Social Services and placed all employees of that department under the provisions of Chapter 36 RSMo `except the director of the department and his secretary, all division directors and their secretaries, and no more than three additional positions in each division which may be designated by the division director'. (emphasis added)
 b. The exemptions from merit system coverage specified in Section 13.1 of the Reorganization Act for the Department of Social Services were different from the exemptions provided in Section 36.030 RSMo for other state agencies in that three positions could be so designated by the director of each division. Also a number of specific exemptions (attorneys, chaplains, academic interns, etc.) in Section 36.030 were not repeated in the Reorganization Act.
 c. At the time of the enactment of the Reorganization Act there was no mention in Chapter 36 RSMo itself of merit system coverage for the new Department of Social Services even though Chapter 36 RSMo was revised in the same special session which passed the Reorganization Act.
 d. In 1979, Chapter 36 RSMo, previously known as the State Merit System Law, was substantially revised by CCS for HB 673 and became the State Personnel Law. Section 36.030
subsection 1 was revised to specifically include the Department of Social Services under the provisions of Chapter 36 RSMo. The offices and positions not subject to (or exempt from) the provisions of Chapter 36 RSMo were re-defined for all covered agencies. These exemptions included a number of positions which were not so exempted by Section 13.1 of the Reorganization Act, including attorneys, chaplains, academic interns, three principal assistants for department heads, and deputies and institution heads as approved by the Personnel Advisory Board. In one respect, however, the new State Personnel Law is more restrictive than the Reorganization Act. Section 36.030.1(1) `other provisions of law notwithstanding', allows a division head to name only one exempt `assistant' rather than `three additional positions'.
Section 36.030, RSMo Supp. 1980, states in pertinent part:
 1. A system of personnel administration based on merit principles and designed to secure efficient administration is established for all offices, positions and employees, except attorneys, of the department of social services, . . . except that the following offices and positions of these agencies are not subject to this law and may be filled without regard to its provisions:
 (1) Other provisions of the law notwithstanding,. . . departmental directors, three principal assistants designated by the departmental directors, division directors, one assistant designated by each division director, . . .
* * *
 (10) A deputy or deputies to the exempt head of each division of service, as warranted by the size or complexity of the organization and in accordance with the rules promulgated by the personnel advisory board, and one secretary for each deputy so exempted; provided, however, that merit status will be retained by present incumbents of these positions and all other positions identified in this section which have previously been subject to this law.
 2. All positions in the executive branch transferred to coverage under this chapter where incumbents of such positions have at least twelve months' prior service on the effective date of such transfer shall have incumbency preference and shall be permitted to retain their positions, provided they meet qualification standards acceptable to the personnel division of the office of administration. An employee with less than twelve months of prior service on the effective date of such transfer or an employee who is appointed to such position after the effective date of such transfer and prior to the classification and allocation of the position by the personnel division shall be permitted to retain his position, providing he meets acceptable qualification standards and subject to successful completion of a working test period which shall not exceed twelve months of total service in the position. After the allocation of any position to an established classification, such position shall thereafter be filled only in accordance with all provisions of this chapter. (Underscoring added)
Section 13.1 of the Omnibus State Reorganization Act of 1974, Appendix B, RSMo 1978, states in pertinent part:
 All employees of the department of social services shall be covered by the provisions of chapter 36, RSMo, except the director of the department and his secretary, all division directors and their secretaries, and no more than three additional positions in each division which may be designated by the division director. (Underscoring added)
This last quoted provision of law was enacted in the Laws of 1973, First Extra Session, S.B. 1, Section 13, effective May 2, 1974.
Clearly, the legislature intended to make a substantive change by the repeal and reenactment of § 36.030 in 1979. The legislative intent is gleaned from such repeal and reenactment. Additionally, the rules of construction tell us that the words and phrases shall be taken in their plain and ordinary and usual sense. See, § 1.090, RSMo 1978. If the words are unambiguous, then the statutes which are amended should be construed on the belief that the lawmakers intended to accomplish something through the amendment. We look at the plain language of the statutes to determine the accomplishment. See, Stateex rel. Miller v. Crist, 579 S.W.2d 837 (Mo.App., W.D. 1979); Wilson
v. McNeal, 575 S.W.2d 802 (Mo.App., St.L.D. 1978).
An examination of the above-quoted language of Section 13.1 of the Omnibus State Reorganization Act of 1974 indicates that some of the provisions of such section specifically conflict with the language in § 36.030.1(1). Section 36.030.1(1) being the later enactment, its provisions prevail over conflicting provisions of Section 13.1 of the Omnibus State Reorganization Act of 1974 and, therefore, there can be no doubt but that the legislature intended that division directors in the Department of Social Services be permitted to designate only one exempt assistant. It is also clear that the department director may exempt three principal assistants under the clear provisions of § 36.030.1(1).
CONCLUSION
It is the opinion of this office that division directors of the Department of Social Services may designate only one exempt assistant pursuant to § 36.030.1(1), RSMo Supp. 1980.
Yours very truly,
 JOHN ASHCROFT Attorney General