OPINION OF THE COURT
Eli Wager, J.
In this proceeding, the petitioner seeks a judgment directing respondent Nassau Community College (the College) to furnish him the names and addresses of all students who are or will be enrolled in the fall of 1983. The College resists the application on the ground that such disclosure is precluded by title 20 (§ 1232g) of the United States Code (the family educational and privacy rights section otherwise known as the Buckley Amendment); and by section 87 (subd 2, pars [a], [b]) of the State Public Officers Law (Freedom of Information Law).
Section 87 (subd 2, pars [a], [b]) of the Public Officers Law provides that:
“2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
“(a) are specifically exempted from disclosure by state or federal statute;
*219 “(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article”.
The Buckley Amendment to the Federal statute (US Code, tit 20, § 1232g, subd [b], par [2]) provides that no Federal funds shall be made available to any educational agency or institution which has a policy or practice of releasing or providing access to any “personally identifiable information” in education records other than “directory information”, or as is provided under section 1232g (subd [b], par [1]), in the absence of consent or judicial order or subpoena. Section 1232g (subd [b], par [1]) provides an exception for certain local, State and Federal agencies and other entities or in connection with a student application for financial aid, categories which appear to exclude the instant petitioner, an individual who has given no information about himself whatsoever.
Parenthetically, it is noted that petitioner’s first written request to the College (dated Jan. 5, 1983) sought “the names and addresses of all female students who were enrolled at Nassau Community College during the Fall 1982 semester,” a request which was subsequently changed to request the same information for the spring, 1983 semester. After being advised that the College did not have available records of its students by gender, the request was amended to include all students enrolled. In neither case did the petitioner offer any explanation or reason for the request nor did he state the use to which such information would be put.
However, petitioner urges that the information is available because it constitutes “directory information,” defined as including students’ names and addresses (US Code, tit 20, § 1232g, subd [a], par [5], cl [A]). The College’s response is that the regulations afford educational institutions the right to designate what information will be deemed “directory information” (45 CFR 99.37) and that it has chosen not to include students’ names and addresses in that classification. Section 99.37 of the regulations requires the educational institution to give public notice of the type of information to be designated “directory information” and of the right of a parent or eligible student to refuse to *220 permit the designation with respect to that student. Where names and addresses have been properly designated as “directory information”, the Buckley Amendment does not bar disclosure (see Kestenbaum v Michigan State Univ., 97 Mich App 5). It thus appears that the instant educational institution properly refused the requested disclosure pursuant to both the Federal statute (see Advisory Opn of Committee on Public Access to Records, Feb. 8, 1983, FOIL-AO-2779) and section 87 (subd 2, par [a]) of the Public Officers Law (see Advisory Opn of Committee on Public Access to Records, Aug. 23, 1983, FOIL-AO-3010).
The issue then is whether the Buckley Amendment’s provision permitting disclosure by court order should be exercised. The consideration in this respect is the students’ right to privacy, a right which may be balanced against a demonstrated need for disclosure (see, e.g., Rios v Read, 480 F Supp 14). Because the instant petitioner has not demonstrated a need for the requested disclosure, he is not entitled to court-ordered access pursuant to the Federal statute. Since a privacy right is thus established (see, also, Matter of Kryston v Board of Educ., 77 AD2d 896), it appears that access may also be withheld pursuant to section 87 (subd 2, par [b]) of the Public Officers Law, particularly since petitioner has failed to show that the names and addresses are not sought for “commercial or fund-raising purposes” (Public Officers Law, § 89, subd 2, par [b], cl [iii]). The latter provision is an exception to the general rule that the interest of an applicant for access to information under the statute is irrelevant (see Matter of MacHacek v Harris, 106 Misc 2d 388), an internal contradiction in the statute which the Committee on Public Access to Records has sought to resolve (see Fifth Ann Report on Freedom of Information Law, Committee on Public Access to Records, pp 13-14).
Accordingly, the petition must be dismissed.