George A. Tyree, Counsel Public Water Supply District No. 17 of Jackson County 901 Main Street Blue Springs, MO 64015
Dear Mr. Tyree:
You have submitted a question to this office under the provisions of Section 610.027(5), RSMo Supp. 1999, in which a public governmental body in doubt about the legality of closing a public record can seek an opinion of this office to ascertain the propriety of such action. You have asked:
 Must a Public Water Supply District organized under and operating pursuant to Chapter 247 R.S.Mo. divulge the names and addresses of all current customers and divulge copies of water bills of its customers for a certain time period if the request for such information is made pursuant to Section 610.023 R.S.Mo.?
You also indicate that you are counsel for Public Water Supply District No. 17 of Jackson County and that the district is currently involved in litigation with the city of Grain Valley regarding compensation the district is seeking as a result of the city annexing property within the district. You further state that a real estate developer, who had encouraged the annexation, made a request to the district for the names and addresses of the customers of the district and copies of the customers' water bills and that you are uncertain whether you are required to produce those records.
In addressing a question submitted regarding the interpretation of Chapter 610, RSMo, we note that the legislature has determined that the provisions of that chapter shall be liberally construed in favor of openness. See Section 610.011.1, RSMo 1994. Accordingly, if there is any doubt whether a record is subject to disclosure under this chapter, such doubts must be resolved in favor of disclosure.
A similar issue was addressed in City of Springfield v. EventsPublishing Co., L.L.C., 951 S.W.2d 366 (Mo.App. 1997) in which a city was required to disclose the names and addresses of new commercial and new residential customers when the customers did not request confidentiality of that information. The newspaper limited its request to customers who had not requested confidentiality. City of Springfield, supra at 371. The court held if any customers had an expectancy of privacy, the customer could request nondisclosure under an amended judgment. There is no indication in your request that any customer has requested confidentiality as to name, address, or billing. Names, addresses, and telephone numbers of students have to be disclosed to someone who wants to publish a school directory. Oregon County R-IV School District v.LeMon, 739 S.W.2d 553 (Mo.App. 1987). The names of recipients of refunds and the amount of those refunds from the Missouri Local Government Retirement System (LAGERS) are subject to disclosure. State ex rel.Local Government Employees Retirement System v. Bill, 935 S.W.2d 659
(Mo.App. 1996). We recognize that some information in the possession of the utility may be confidential and not subject to disclosure, such as the social security number of a customer. In your request, you state that the developer has requested the names, addresses, and water bills for customers of the water district, apparently those customers who, through the annexations, are now provided service by the city. Under the rationale of City of Springfield, supra; LeMon, supra; and Bill, supra, such information must be provided when requested under Chapter 610 RSMo. We limit this opinion to names, addresses, and bills of the customers but to no other information that may be in the possession of the public water supply district.
 CONCLUSION
The names, addresses, and water bills of customers of a public water supply district are records subject to disclosure under Chapter 610, RSMo.
Very truly yours,
JEREMIAH W. (JAY) NIXON
Attorney General