JONES, Justice.
This appeal is from the grant of summary judgment in favor of the Defendants, City of Robertsdale and certain named city officials. We affirm.
The two basic legal questions presented concern 1) the procedure which a municipality must use in its decision making, and 2) the theories upon which a municipality may be held liable when it acts under legislative authorization.
The facts are uncomplicated. Representatives of a real estate development company appeared before the Robertsdale planning commission with plans for the construction of an apartment complex on a tract of land outside the city limits, to be financed by the Farmers Home Administration. This delegation requested that the City extend utility services to the site. The mayor, a member of the planning commission, informed the representatives that the City would furnish utilities.
At the next regular meeting of the planning commission, a number of residents near the apartment complex expressed opposition to the proposed complex. Nevertheless, the commission voted to confirm in writing the tentative approval granted earlier, with certain conditions not relevant here, and this written confirmation was sent to the developers. About four months later, the mayor informed the developers by letter that the proposed apartments were *887 within the City’s zoning ordinances for the area, and had been approved by the planning commission and the city council. He added that the City’s utilities would be furnished as needed.
The proposed construction was approved by the South Alabama Regional Planning Commission, and later, both the City and County issued building permits. Plans and specifications for the complex’s utilities were approved by the City’s engineers.
The plaintiffs, as taxpayers of Defendant City, instituted this action for a declaratory judgment and injunctive relief to prevent the City of Robertsdale from extending its water and sewer systems outside its corporate limits to the apartment complex which it characterized as a “low income” housing project. The complaint contained two counts: Count One alleges that the City agreed to furnish water and sewer services to the development site outside the city’s corporate limits without having adopted a resolution making a determination that such extension was necessary or expedient. Count Two alleges that Plaintiff Sam Freeman and wife, as taxpayers of Baldwin County and property owners outside the City and near the development in question, would suffer property damage if the City were permitted to pursue its proposal to furnish water and sewer service to the development.
While acknowledging the City’s authority to extend its water and sewer service beyond the city limits pursuant to Code 1975, §§ 11-50-56 and ll-81-161(b), Plaintiffs earnestly contend that a municipality may not extend such services without first adopting a resolution finding that it is necessary or expedient to do so. This contention is two pronged: First, that the formal action of the City must rise to the level of a “resolution,” and, second, that such resolution must contain an express finding of necessity or expediency.
In rejecting the first aspect of this contention, we need not disavow Plaintiffs’ insistence upon the need for some fonnal entry upon the city council’s minutes. Here, that formal action took the form of a “motion,” duly made, acted upon, and recorded. While our case law has drawn a rather sharp distinction between the term “ordinance” and the terms “resolution” and “motion,” the latter two terms are used interchangeably. Rushing v. City of Georgiana, 374 So.2d 253 (Ala.1979). There is no statutory requirement for a “resolution”; and, consequently, we hold that the entry upon the minutes of the city council’s meeting reflecting its approval of the request for extension of its water and sewer service beyond the city limits constitutes an appropriate procedure to effectuate its decision-making process.
The second aspect of Plaintiffs’ contention—the lack of the finding of “necessary and expedient”—is likewise without merit. The language of the authorizing statute (§ 11-50-52)—“. . . whenever in the opinion of the city or town it may be necessary or expedient to [extend its sewer system]”—contains not words or restriction, but words of discretion. This statutory language authorizes the City’s exercise of broad authority to extend its sewer service outside its own boundaries. That such extension “in the opinion of the city . . . may be necessary or expedient” is implicit in the action taken by the City to so expand its services; and the absence of an express finding to this effect is of no consequence in the instant case.
Citing Section 235 of our State Constitution (eminent domain), Plaintiffs contend that the City’s extension of its water and sewer service to serve “low income” housing constitutes an effective taking of their property without just compensation. Although Plaintiffs do not so characterize it, they seek to invoke the “indirect taking” or “inverse condemnation” doctrine. No citation of authority is necessary to demonstrate that the instant facts fall far short of the requisite circumstances giving rise to any cognizable legal theory of relief pursuant to the constitutional proscription against governmental taking without just compensation.
AFFIRMED.
TORBERT, C. J., and MADDOX, EM-BRY and ADAMS, JJ., concur.