HOLMES, Judge.
This is a case in which an employee of the City of Brighton, Alabama, sued the City for the payment of back wages and, pursuant to 42 U.S.C. § 1983 (1981), claimed damages for the violation of certain constitutional rights.
Following ore tenus proceedings, the trial court held that the employee was entitled to her back wages, or salary, and it entered a judgment in her favor in the amount of $2,880. The trial court further found that the employee’s constitutional rights had been violated, and, pursuant to 42 U.S.C. § 1983 and its companion statute, 42 U.S.C. § 1988 (1981), it awarded the employee attorney fees in the amount of $4,814.34, plus $116.34 for expenses.
The City appeals. We affirm.
The record reveals that the City’s mayor hired the employee on April 5, 1985, as her personal secretary. Under the terms of her employment, the employee was to work forty hours per week at $3.35 an hour, the federal minimum wage. It was stipulated that the employee worked for the City for twenty weeks. She was not paid for any of her work during that time.
The City Council did not approve the hiring of the employee by the mayor. Approximately one week after April 5, 1985, the City Council issued a memorandum which stated that all persons who had not been hired by or under the authority of the City Council would receive no compensation. Thereafter, each time a payroll check was prepared for the employee it was apparently voided by members of the City Council. In June 1985 the City Council passed an ordinance which gave it the ex- *1241 elusive authority to employ and discharge City employees.
On appeal the City contends that the trial court erred in holding that the mayor had the power to hire the employee without the consent of the City Council. We disagree.
The powers and duties of the mayor and City Council in towns and cities in this state are governed primarily by Ala.Code (1975), §§ 11-43-1 through -163. Section 11-43-81 provides in pertinent part: “The mayor shall be the chief executive officer, and shall have general supervision and control of all other officers and the affairs of the city or town_” (Emphasis supplied.)
In our opinion § 11-43-81, in the absence of. any contrary statute or other contrary appropriate authority, gave the mayor the authority to hire the employee as her personal secretary without obtaining the consent of the City Council. Such authority is implicit in and merely part of the broad power granted to the mayor by § 11-43-81 to supervise and control the affairs of the City.
The City’s reliance upon Ala.Code (1975), §§ 11-43-4 and 11-43-7, is misplaced. Section 11-43-4 gives the City Council the power to determine the City’s officers, their salary, the manner of their election, and their terms of office. That statute has nothing to do with the hiring of administrative personnel by the mayor to carry on the functions of her office. Section 11-43-7 gives the City Council the authority to prescribe by ordinance the salaries of City employees whose compensation is not fixed by law. That statute does not address the question presented on appeal of who is authorized to hire City employees.
The evidence presented to the trial court provides further support for the conclusion that the mayor had the authority to hire the employee without the approval of the City Council. As already noted, the City Council did not take steps to claim the exclusive authority to hire City employees until after the employee was hired by the mayor.
Moreover, although the City Council voided the employee’s paychecks, the record does not indicate that the City Council ever took steps to discharge the employee from her job. She was apparently still working for the City when she initiated this case.
We note that the evidence was presented to the trial court ore tenus. Under such circumstances we will not substitute our judgment for that of the trial court. Roden v. Roden, 466 So.2d 142 (Ala.Civ.App.1985). Its judgment is presumed to be correct and will not be reversed unless it is so unsupported by the evidence that it is plainly and palpably wrong. Threadgill v. Threadgill, 487 So.2d 935 (Ala.Civ.App.1986).
Clearly, the trial court’s judgment is not plainly and palpably wrong. The evidence, as well as the statutes, supports the conclusion that the mayor had the authority to hire the employee without the approval or consent of the City Council.
We do not wish to be understood as holding that the mayor may arbitrarily create any administrative position she chooses or hire an employee at an exorbitant salary. We conclude merely that, under the circumstances of this case, the mayor had the authority to hire the employee as her personal secretary at the federal minimum wage.
The City also contends that the trial court erred in awarding attorney fees to the employee pursuant to 42 U.S.C. §§ 1983 and 1988 (1981). The trial court concluded that the employee had established under § 1983 that her civil rights had been violated and that she was, therefore, entitled to her attorney fees. The City contends that there were no grounds for a § 1983 action and that the award of attorney fees was, therefore, improper.
The City focuses primarily on the nature of the employee’s position with the City. It argues that, because she was employed “at will” and her job could be terminated at *1242 any time, the employee had no property interest protected by the due process clause of the Fourteenth Amendment or § 1983.
This argument ignores the fact that the employee did work for the City for a period of twenty weeks without being paid. We have already determined that her employment was legitimate, i.e., the mayor had the authority to hire her. Regardless of whether the employee’s job could be terminated at any time or whether she had the right to expect continued employment, the employee had the right to be paid for the twenty weeks that she did work. We agree with the trial court that such right is a property interest protected by the due process clause, Eguia v. Tompkins, 756 F.2d 1130 (5th Cir.1985), and that the employee established a violation of that interest under § 1983.
The record does not show that the City Council ever afforded the employee the opportunity to be heard concerning her right to be paid. Apparently, the council simply continued to void her paychecks, while the mayor continued to assure her that she would be paid.
Under such circumstances we do not think that the trial court erred in concluding that the employee had shown an unconstitutional deprivation of her property interest under § 1983 and that she was entitled to attorney fees.
In closing we take note of the City’s additional contention that the trial court had no authority to award the employee damages (her salary) because the case came before the trial court only for equitable relief—a preliminary injunction— which was not granted.
Such contention is without merit. While the case initially came before the trial court for a hearing on the employee’s motion for a preliminary injunction, the record discloses that the case was in fact submitted and that judgment was rendered on the merits.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.