MAIN, Justice.[1]
F.D. Scott, Vincent Smith, William Murray, Ronald Strothers, and Ves Marable, *608 the five members of the City Council of the City of Fairfield (hereinafter referred to collectively as “the city council”), appeal from the order of the Jefferson Circuit Court granting the declaratory and injunc-tive relief requested by Kenneth Coachman, as mayor of the City of Fairfield, on his challenge to the city council’s enactment of Ordinance No. 1022. Mayor Coachman asserted in his motion that Ordinance No. 1022 impermissibly usurped the appointment powers granted the may- or by § 11^43-81, Ala.Code 1975. On June 9-10, 2009, the circuit court conducted a bench trial at which it heard testimony from Mayor Coachman and argument from counsel for both sides. On June 30, 2009, the circuit court issued a written order granting Mayor Coachman the declaratory and injunctive relief he sought. The city council filed a motion to alter, amend, or vacate the ruling;[2] this appeal followed. We affirm.

Factual Background

Defendant’s exhibit 1, a copy of Chapter 2 of the Fairfield City Code, is included in the record. Section 2-2 of the code provides: “The appointing authority for the city shall be the city council. (Code 1957, § 2-1; Ord. No. 356, § 1, 10-21-57; Ord. No. 516, 8 — 4—69; Ord. No. 545, 10-16-72; Ord. No. 578, 5-6-74; Ord. No. 607, 11-16-76; Ord. No. 661, 6-12-79).” Ordinance No. 874, enacted on November 2, 1992, provided that the mayor was the appointing authority and that the mayor’s appointing authority was to be exercised “ ‘with the advice and consent of the Fair-field City Council as provided in Section 11-43-81, Code of Alabama.’ ”
On or about May 18, 2009, the city council adopted Ordinance No. 1022, which repealed Ordinance No. 874 and returned the appointing authority to the city council where it had originally reposed under § 2-2 of the Fairfield City Code. Mayor Coachman vetoed Ordinance No. 1022. On June 1, 2009, the city council overruled Mayor Coachman’s veto and enacted Ordinance No. 1022. Mayor Coachman then sought declaratory and injunctive relief in the circuit court.
Mayor Coachman testified at trial that he had served on the Fairfield City Council from 1980 to 1984 and that he was elected mayor of Fairfield in November 2008. He stated that he believed that Ordinance No. 1022 would adversely impact his ability to supervise and discipline employees of the City of Fairfield. Mayor Coachman also testified that Ordinance No. 1022 would undermine his authority over city employees and that employees would be confused as to whom they ultimately answered to in terms of things such as being assigned tasks and being disciplined. He further stated that the city council was not equipped to oversee the day-to-day operations or supervision of city employees.
Mayor Coachman conceded on cross-examination that Ordinance No. 1022 had been enacted and vetoed and his veto overridden all in accordance with applicable rules and procedures, i.e., Ordinance No. 1022 had been lawfully enacted. Mayor Coachman further conceded on cross-examination that he did not recall any instances during his tenure on the city council or as mayor of any member of the council interfering with the day-to-day ae- *609 tivities of city employees or attempting to countermand his instructions to the heads of the various city departments.

Standard of Review

Although there were some disputed facts as to whether any irreparable harm was caused by the enactment of Ordinance No. 1022, the ultimate question in this case is whether, in light of § 11-43-81, Ala. Code 1975, the city council could lawfully enact an ordinance naming the city council, rather than the mayor, the appointing authority for the City of Fairfield. That question presents a pure question of law; as to it, the facts are undisputed.[3] Thus, we review de novo the application of the law to the undisputed facts. See Barnett v. Estate of Anderson, 966 So.2d 915 (Ala.2007).

Analysis

The Alabama Legislature has provided that, in a mayor-council form of government, the council is the legislative authority. See § 11-43-43, Ala.Code 1975. The general law providing for the adoption and enforcement of ordinances by municipalities is as follows:
“Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances.”
§ 11 — 15-1, Ala.Code 1975. Thus, the city council is authorized to adopt ordinances, but only to the extent that those ordinances are not inconsistent with existing state law. One of the duties assigned by the Alabama Legislature to the mayor in the mayor-council form of government is as follows:
“The mayor shall be the chief executive officer, and shall have general supervision and control of all other officers and the affairs of the city or town, except as otherwise provided in this title. He shall have the power to appoint all officers whose appointment is not otherwise provided for by law. He may remove any officer for good cause, except those elected by the people, and fill the vacancy caused thereby, permanently, if the appointment of such officer is made by the mayor, and temporarily, if such officer was elected by the council or appointed with its consent, in either of which last two cases he must report such removal and his reasons therefor to the council at its next regular meeting, when, if the council shall sustain the act of removal by the mayor by a majority vote of those elected to the council, the vacancy shall be filled as provided in this title.”
§ 11-43-81, Ala.Code 1975.
The appointing authority of the mayor, although broad, is not absolute and all encompassing. Indeed, the very language in § 11 — 43-81 extends the mayor’s power only as far as not otherwise provided by law and contemplates situations where the council, rather than the mayor, is the appointing authority. The Alabama Court of Civil Appeals seemingly recognized this possibility in City of Brighton v. Gibson, 501 So.2d 1239, 1241 (Ala.Civ.App.1987), stating:
“In our opinion § 11-43-81, in the absence of any contrary statute or other contrary appropriate authority, gave the mayor the authority to hire the em *610 ployee as her personal secretary without obtaining the consent of the City Council. Such authority is implicit in and merely part of the broad power granted to the mayor by § 11-43-81 to supervise and control the affairs of the City.”
(Emphasis added.) Further, although not binding on this Court, the Alabama Attorney General has issued a number of attorney general opinions concluding that, based on the authority delegated to municipalities and in light of the language in § 11-43-81, a municipality is permitted to enact ordinances naming the city council of the municipality as the appointing authority. See Ala. Op. Att’y Gen. No. 2009-103 (Sept. 8, 2009); Ala. Op. Att’y Gen. No. 2009-054 (March 13, 2009); Ala. Op. Att’y Gen. No. 2004-163 (June 22, 2004).
Additionally, this Court has acknowledged that municipal ordinances are “law,” stating: “[W]e find further, that Alabama case law, consistent with this statutory mandate [§ 11-45-1, Ala.Code 1975], permits the enactment of laws by ordinance or resolution in the absence of a statutory requirement for a specific mode of enactment.” Tutwiler Drug Co. v. City of Birmingham, 418 So.2d 102, 106 (Ala.1982). The Alabama Attorney General has relied on this Court’s language in Tutwiler to conclude that a city council has the authority to reserve for itself the appointing authority for a municipality. See Ala. Op. Atty. Gen. No. 1997-166 (April 21, 1997).
However, despite the Court of Civil Appeals’ conclusion in Brighton and the aforementioned attorney general opinions to the effect that a city council can enact an ordinance reserving for itself the appointing authority for a municipality, we hold that the phrase “not otherwise provided for by law” in § 11-43-81 does not allow such an interpretation in this case. The source of a city council’s authority is not found in the ordinances enacted by the city council. Rather, the source of a city council’s authority is the authority that the Alabama Legislature granted it by statute. The legislature has granted city councils appointing authority with regard to certain officers of a town. See, e.g., § 114^-3, Ala.Code 1975 (city council appoints city treasurer and city clerk in towns having more than 6,000 inhabitants); § 11-4341 (city council appoints city clerk in cities having less than 6,000 inhabitants and in towns); and § 11-43-5, Ala.Code 1975 (“The council may provide for a tax assessor, tax collector, chief of police, and chief of the fire department and shall specifically prescribe their duties.”). The legislature has also granted the mayor general appointing authority, subject only to those positions as to which the legislature designated appointing authority elsewhere. Conversely, the city council’s authority to adopt ordinances and resolutions in a legislative fashion is limited to ordinances and resolutions that are not inconsistent with existing state law. See § 11-45-1, Ala. Code 1975. Thus, the council did not have the authority to override state law to take the general appointing authority from the mayor and assign that power to itself.

Conclusion

For the above-stated reasons, we conclude that Ordinance No. 1022 is inconsistent with § 11-43-81, Ala.Code 1975. Therefore, we affirm the circuit court’s judgment.
AFFIRMED.
COBB, C.J., and WOODALL, STUART, and WISE, JJ., concur.
BOLIN, MURDOCK, and SHAW, JJ., concur in the result.

. This case was originally assigned to another Justice on this Court; it was reassigned to Justice Main on January 19, 2011.

. The record indicates that the circuit court scheduled a hearing on the motion to alter, amend, or vacate and then rescheduled that hearing. However, the record does not indicate whether a hearing was ever held, nor does the record contain any ruling on the motion.

. We note that Mayor Coachman did not file a brief with this Court.