MURDOCK, Justice
(concurring in the result).
By statute, the legislature has chosen mayors, and not city councils, to be the *611 repositories of the general power to hire and fire municipal employees. The statute by which the legislature has made this choice, § 11^13-81, Ala.Code 1975, by merely accommodating those situations “otherwise provided by law,” is reasonably understood simply to mean “law” that is equal to or superior to that statute. I cannot conclude that the legislature intended to say: “We choose by statute to give this power to mayors as a general rule, but only to the extent that a local city council does not override our choice and elect to assign this power to itself.” I am not more inclined to accept this notion merely because the legislature has given the city council the general legislative authority to enact ordinances.[4] Nor am I persuaded by the opinion of the Court of Civil Appeals in City of Brighton v. Gibson, 501 So.2d 1239 (Ala.Civ.App.1987), which actually is a ruling in favor of the mayor in that case and which contains only an unexplained reference to other contrary “appropriate authority,” or by applicable attorney general opinions, which also suffer from a lack of analysis and for the most part merely rely upon City of Brighton.
In pertinent part, § 11-43-81 provides that the mayor “shall have the power to appoint all officers whose appointment is not otherwise provided for by law.” In City of Brighton, the Court of Civil Appeals interpreted this statement to mean that
“ § 11-43-81, in the absence of any contrary statute or other contrary appropriate authority, gave the mayor the authority to hire the employee as her personal secretary without obtaining the consent of the City Council. Such authority is implicit in and merely part of the broad power granted to the mayor by § 11-43-81 to supervise and control the affairs of the City.”
501 So.2d at 1241 (emphasis added). The Court of Civil Appeals did not provide any authority for its assertion that the phrase “otherwise provided for by law” includes “other contrary appropriate authority” (although I would consider this a correct statement insofar as it would include constitutional provisions, assuming any were applicable, or perhaps some contrary, but more specific, statutory delegation of authority). More specifically, the Court of Civil Appeals did not explain, and provided no authority as to, what it meant by the phrase “other contrary appropriate authority.”
The Court of Civil Appeals in City of Brighton did, however, go on to explain that the power to hire and fire resided with the mayor in that case because there was no contrary statutory authority:
“The City’s reliance upon Ala.Code (1975), §§ 11-43-4 and 11-43-7, is misplaced. Section 11-43-4 gives the City Council the power to determine the City’s officers, their salary, the manner of their election, and their terms of office. That statute has nothing to do with the hiring of administrative personnel by the mayor to carry on the functions of her office. Section 11-43-7 gives the City Council the authority to prescribe by ordinance the salaries of City employees whose compensation is not fixed by law. That statute does not address the question presented on appeal of who is authorized to hire City employees.”
Id. (emphasis omitted; some emphasis added). Thus, aside from its unexplained and unsupported statement concerning *612 “other contrary appropriate authority,” the opinion in City of Brighton actually supports the conclusion that it is the mayor in this case who has the authority to hire and fire municipal employees.
Several attorney general opinions state that city councils have the authority to withdraw the power to appoint city officers from the mayor and give that authority to themselves. See, e.g., Ala. Op. Att’y Gen. No. 2009-051 (March 10, 2009) (stating that “section 11-43-81 has been interpreted as authorizing the adoption of personnel rules, which then have the force and effect of law and take the hiring authority out of the hands of the mayor”); Ala. Op. Att’y Gen. No. 2009-054 (March 13, 2009) (same); Ala. Op. Att’y Gen. No. 2009-103 (Sept. 8, 2009) (same); Ala. Op. Att’y Gen. No. 99-072 (Jan. 5, 1999) (stating that “section 11-43-81 allows for other appropriate authority, such as personnel rules, to govern the appointment of municipal employees”). As Ala. Op. Att’y Gen. No. 2004-163 (June 22, 2004) makes clear, however, these attorney general opinions rely upon the reference in City of Brighton to “other contrary appropriate authority” to reach this conclusion:
“Section 11-43-81 of the Code of Alabama provides, in pertinent part, that the mayor ‘shall have the power to appoint all officers whose appointment is not otherwise provided for by law.’ Ala. Code § 11 — 43—81 (1989).... The Alabama Court of Civil Appeals has held that, under the statute, absent contrary authority, a mayor has the sole power to hire a secretary. City of Brighton v. Gibson, 501 So.2d 1239, 1240 (Ala.Civ.App.1987). In reliance on Brighton, this Office has interpreted the statute to hold that a city personnel rule governed the appointment of officers and employees [Opinion to Honorable Jerry W. Jackson, Attorney, Haleyville City Council, dated January 5,1999, A.G. No. 99-00072] and that a city council can make itself, by ordinance, the appointment authority for all officers and employees [Opinion to the Honorable Jay M. Ross, Attorney, City of Bayou La Batre dated April 21, 1997, A.G. No. 97-00166].”
Ala. Op. Att’y Gen. No. 2004-163 (emphasis omitted; emphasis added).[5]
The sole exception to this reliance upon City of Brighton is Ala. Op. Att’y Gen. No. 1997-166 (April 21, 1997), which provides, in pertinent part:
“The issue of whether an ordinance is a law is well-settled in the case law of Alabama. The Supreme Court, in Tutwiler Drug Company v. City of Birmingham, [418 So.2d 102, 106 (Ala.1982),] when interpreting Code of Alabama 1975, § 11-45-1, which provides for the adoption of ordinances by a municipality, held:
“ ‘We find further, that Alabama case law, consistent with this statutory mandate, “permits the enactment of laws by ordinance or resolution in the absence of a statutory requirement for a specific mode of enactment.” Tucker v. City of Robertsdale, 406 So.2d 886 (Ala.1981). See, also, McQuillen, Municipal Corporations, Vol. 5 (3rd ed., 1981) 15.06.’
“(Emphasis added.)
“Clearly, if the council, by ordinance, reserves for itself the authority to appoint all officers and employees, it has provided otherwise by law as mandated in Section 11 — 43—81.”
*613 The conclusory assertion in the last sentence quoted above is just that — a conclu-sory assertion unaccompanied by any authority or reasoning. The quotation from Tutwiler Drug Co. v. City of Birmingham, 418 So.2d 102 (Ala.1982), that precedes it merely states that, if a local law is to be enacted, an ordinance or resolution may be the appropriate form for that enactment. Further, although it is true that a municipal ordinance is binding as “law” in respect to matters that have not been decided otherwise by the constitution or by statute and that the municipality has the authority to address by ordinance, this merely begs the questions whether the matter at hand has in fact been decided otherwise by statute and whether the municipality has the authority to address this matter by way of an ordinance enacted by its city council. In light of the general statutory delegation of authority to mayors in § 11-43-81, the question becomes whether this Court can conclude that the legislature intended that city councils have the authority to create exceptions to this general rule by enacting ordinances to such effect. If not, then any such ordinance would have to yield to the contrary statutory delegation of authority.
It is axiomatic that State statutory law is superior to ordinances enacted by municipal corporations. Section 11-45-1, Ala. Code 1975, provides that “[mjunicipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law....” See also Reed v. City of Montgomery, 341 So.2d 926, 933 (Ala.1976) (discussing a Montgomery ordinance and stating that “[a] basic principle of our system of government is the superiority of state law”); Hall v. City of Tuscaloosa, 421 So.2d 1244, 1249 (Ala.1982) (holding that “a municipal ordinance that contravenes state law, as here, is invalid for that reason alone”). Did the legislature intend to make a general policy choice — giving mayors the general power to hire and fire — only to follow that choice with a caveat that local city councils are free to override the legislature’s choice and make some different “law” for themselves? Had the legislature intended this, it certainly could have chosen a less obfuscated manner of expressing it, e.g., by simply saying, “Except as a city council may by ordinance assign this power to itself....”
Furthermore, the term “law” in the phrase “provided by law” when used in statutes is generally understood to mean statutory law. For example, the sixth edition of Black’s Law Dictionary states: “Provided by law. This phrase when used in a constitution or statute generally means prescribed or provided by some statute.” Black’s Law Dictionary 1224 (6th ed.1990). State courts have interpreted the phrase in the same manner. See, e.g., Brooks v. Northglen Ass’n, 76 S.W.3d 162, 167 (Tex.App.2002) (stating that “[t]he phrase ‘unless otherwise provided’ or similar language, when used in a statute, usually refers to other statutes pertaining to the same subject matter” (reversed in part on other grounds, 141 S.W.3d 158 (Tex.2004))); Cook v. Turner, 219 Conn. 641, 644, 593 A.2d 504, 505 (1991) (concluding that the word “law” in the phrase “[ejxcept as otherwise provided by law” is “limited to state and federal statutes”); Oregon County R-IV Sch. Dist. v. LeMon, 739 S.W.2d 553, 557 (Mo.Ct.App.1987) (stating that “ ‘ “except as otherwise provided by law,” means except as otherwise provided by statute’ ” (quoting Yates v. Casteel, 329 Mo. 1101, 1104, 49 S.W.2d 68, 69 (1932))); Manchin v. Browning, 170 W.Va. 779, 785, 296 S.E.2d 909, 915 (1982) (holding that the phrase “provided by law” means prescribed or provided by statute); Trujillo v. Tanuz, 85 N.M. 35, 40, 508 P.2d 1332, 1337 *614 (N.M.Ct.App.1973) (noting that “ ‘[provided by lav/ means ‘provided by statute law’ ” (quoting Fountain v. State, 149 Ga. 519, 101 S.E. 294, 295 (1919))); and Pace v. Pace Bros. Co., 91 Utah 132, 59 P.2d 1, 8 (1936) (concluding that the phrase “except as provided by law” did not refer to the “general law”; rather the phrase seems to “smack of the flavor of something done by the legislature”).
This general understanding of the phrase “provided by law” supports the conclusion in this particular case that the legislature did not expressly choose mayors rather than city councils to be the repositories of the power to appoint, only to then add a clause in the same statute intended to empower city councils to contravene that choice by way of local ordinances. It seems clear that the phrase “otherwise provided for by law” in § 11-43-81 was intended by the legislature to accommodate any applicable constitutional provisions and any existing or future statutes providing for the appointment by city councils of specific city officials;[6] it is not intended to grant to city councils the authority to assign the power of appointment to themselves through local ordinances.

. Also, the authority to enact an ordinance is not without limitations in addition to the statutory requirement that the ordinance not be inconsistent with existing state law. See, e.g., § 11-45-1, Ala.Code 1975.

. The 2009 attorney general opinions cite previous attorney general opinions that directly rely upon City of Brighton.

. See, e.g., §§ 11-43-3 and -4, Ala.Code 1975 (described in the main opinion). Unlike the main opinion, I am not persuaded that the language in § 11-43-5, Ala.Code 1975, lends that statute for use as a further example of this point.